Agnes Phyllis HESS, Administratrix of the Estate of Richard W. Hess, Deceased, Plaintiff,

v.

PITTSBURGH STEEL FOUNDRY & MACHINE CO., a Division of Textron, Inc., the Aetna Casualty & Surety Company, the Osborn Manufacturing Company and Master Chemical Corporation, Defendants.

Civ. A. No. 69–47.

United States District Court,
W. D. Pennsylvania.

April 9, 1970.

Eckert, Seamans & Cherin, Pittsburgh, Pa., for plaintiff.

Egler, McGregor & Reinstadtler, Pittsburgh, Pa., for defendant Pittsburgh Steel Foundry & Machine Co., Aetna Casualty & Surety Co., and Textron, Inc.

Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for defendant Osborn Manufacturing Co.

Cosmos J. Reale, Pittsburgh, Pa., for defendant Master Chemical Corporation.

## OPINION

GOURLEY, Senior District Judge.

This is an action brought under the Survival and Wrongful Deaths Acts of the Commonwealth of Pennsylvania and is filed on behalf of Richard W. Hess, for whose Estate the plaintiff is the duly appointed and acting representative. Decedent was 46 years of age at the time of his death and is survived by plaintiff, his wife, and three children.

The action was filed for damages for injuries and death proximately resulting from decedent's exposure to dangerous

and harmful chemicals, gases, odors and related substances generated during grinding operations at the Glassport Foundry of Pittsburgh Steel Foundry and Machine Company. Decedent had a pre-existing bronchial asthmatic condition, which was quiescent until April of 1967. Prior to that time decedent was steadily employed for over twenty years with very few absences from his employment. After April of 1967, and concurrently with the installation of a new grinding process at the Glassport Foundry, decedent's bronchial asthmatic condition dramatically worsened and became aggravated, and he ultimately died on January 19, 1968.

The Osborn Manufacturing Company, one of the defendants, is charged with negligence, breach of warranties and strict liability in connection with its design, fabrication, manufacture and sale of the Osborn ramron grinding wheel. The ramron grinding wheel contains a polyurethane bond. The polyurethane bond contains a chemical known as toluene diisocyanate, which chemical is dangerous and especially to individuals having bronchial conditions or lung disorders.

The liability of the defendant manufacturer is substantially disputed. The immediate matter before the Court is a Motion for Production of Documents which relate to the ramron grinding wheel and the chemical decomposition of its bond, which issue is at the center of the controverted facts in this case.

The gravamen of the basis for production of documents is that the defendant Osborn should make available all intercompany correspondence relative to the complaints which existed on the part of the three other companies and the recommendations made by Osborn to correct these conditions, that is, the experience of fumes, odors, smells and chemicals being released when the grinding wheels were used.

The Court has reviewed and considered all the pleadings, discovery processes previously developed, which includes depositions and interrogatories, heard oral argument, thoroughly and completely reviewed the record at time of argument, considered the briefs of counsel, and concludes the Motion should be granted.

■ Under Rule 34 of the Federal Rules of Civil Procedure, a party is entitled as part of the discovery documents for inspection and copying where the purpose is to assist in the trial or preparation of the case. This is designed to aid parties in prosecuting and defending actions without unnecessary expense, formality or delay. The framework within which the rules are to be interpreted is to secure the just, speedy, and inexpensive determination of every action, and to this end, the rules are to be liberally construed.

■ We must start out with the basic legal proposition in ruling on any request for discovery regardless of its nature, whether or not the evidence might be admissible or reasonably calculated to lead to any evidence that might be found material or relevant in the determination of the issues involved in the proceeding.

■ Since this was a new product that was never heretofore on the market, the reasonableness of the possibility of what might be found important or relevant is far beyond the mind or the legal training of a lawyer and judge. Letters and records can well be construed or understood in a manner that would be entirely different or at variance with what a mind would apply where the individual is trained in the field of chemistry, a physicist or an engineer who is specially qualified and competent to review and evaluate all the experiences, complaints and findings that have taken place from the manufacture and use of an instrumentality such as a grinding wheel of this nature that has been found

to be an innovation or something that was not heretofore known to science for industrial use.

Under the circumstances, although the defendant herein involved has been most cooperative, through its distinguished counsel, this plaintiff is entitled to all the information involved in the instant Motion that has not been heretofore produced or made available.

Cases of this nature must rest basically on the records of the manufacturer and what information was known to him. After all data has been assembled, it has been my experience as a trial judge during the last twenty-five years, that opinions of experts are required before an adjudication factually or legally can be resolved. In view thereof, any and all information as to the experience with the instrumentality involved in this action, whether used under similar or dissimilar circumstances, becomes of the greatest importance.

It is also important to note that the information subject to the Motion cannot be derived from any other source and unquestionably the production thereof will greatly facilitate the pre-trial and adjudication of this involved and intricate litigation.

An appropriate Order is entered.

### ORDER

And now, this 9th day of April, 1970, the plaintiff's Motion for Production of Documents be and the same hereby is granted. It is further ordered and decreed that the defendant, the Osborn Manufacturing Company, shall produce the documents specified in the Motion which was filed September 17, 1969 within thirty days from the filing of this Order in the office of the Clerk of Court. The production shall be made at such place or places as counsel for the parties may agree.